# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNDY EDWARDS,<br><br>    Plaintiff,<br><br>  vs.<br><br>GREGORY J. HAGWOOD, et al.,<br><br>    Defendants. | No. 2:15-cv-1562-KJM-CMK<br><br><br><br>FINDING S AND RECOMMENDATIONS |

       Plaintiff, proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

must dismiss an action if the court determined that it lacks subject matter jurisdiction.  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I.  PLAINTIFF'S COMPLAINT

Plaintiff brings this action against Gregory Hagwood, the Sheriff of Plumas County, the County of Plumas, and two individuals who are both residence of Plumas County.  Plaintiff states this action sounds in libel and slander.  Plaintiff alleges defendant Hagwood made false statements about her, which defendants Hentschel and Reynolds republished.  She specifically alleges the defendants have violated her rights under California Civil Code Sections 44, 45(a), and 46.

## II.  DISCUSSION

In order for this case to proceed, this court must have subject-matter jurisdiction.  Federal courts are courts of limited jurisdiction.  This court only has jurisdiction to adjudicate those cases which involve either diversity of citizenship (citizens of different states) or a federal question (such as a constitutional claim).  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380-81 (1994); 28 U.S.C. § 1330 *et seq*.  The burden of establishing federal jurisdiction lies on the party asserting such jurisdiction.  See Kokkonen, 511 U.S. at 377; see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2004).

Here, plaintiff claims she is proceeding on a federal question pursuant to 28 U.S.C. § 1331.  General federal question jurisdiction under 28 U.S.C. § 1331 exists only "when the plaintiff sues under a federal statute that creates a right of action in federal court."  Williams v. United Airlines, Inc., 500 F.3d 1019, 1022 (9th Cir. 2007).  However, plaintiff only cites to state law and state cases in her complaint. There is no indication that this case arises under any federal question.  Neither does it appear that this court would have diversity jurisdiction as there is no diversity of citizenship.

## IV. CONCLUSION

As plaintiff fails to raise any federal question in this action, this court lacks subject matter jurisdiction to hear plaintiff's claims. This action should be dismissed without prejudice to what ever remedies she may have in the state courts.

It does not appear possible that the deficiencies identified herein can be cured by amending the complaint, so plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 25, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE